```
USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/20/12
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X

JACOB KAPLAN,

                Plaintiff,

     -v-

UNITED HEALTHCARE INSURANCE
COMPANY OF NEW YORK and
OPTUMHEALTH, INC.,

                Defendants.
------------------------------------------------------------X

No. 12 Civ. 7610 (RA)

ORDER

RONNIE ABRAMS, United States District Judge:

    On November 30, 2012, Plaintiff Jacob Kaplan ("Plaintiff") submitted a letter to the Court requesting leave to amend his complaint to add a cause of action alleging that Defendants United Healthcare Insurance Company of New York and Optumhealth, Inc. (collectively, "Defendants") breached a certificate of insurance. On December 7, 2012, Defendants submitted an opposition letter to Plaintiff's request and Plaintiff submitted a reply letter.

    Rule 15(a)(2) of the Federal Rules of Civil Procedure provides that "[t]he court should freely give leave when justice so requires." It is well settled that district courts have broad discretion to grant leave to amend. See, e.g., Arnold v. KPMG LLP, 334 F. App'x 349, 352 (2d Cir. 2009). A request for leave to amend may be denied for "good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party." Holmes v. Grubman, 568 F.3d 329, 334 (2d Cir. 2009) (citation omitted).

    Here, Defendants contend that Plaintiff's amendment should be denied as futile because "there is simply no legal basis for Plaintiff's proposed additional cause of action" and because

the facts underlying the proposed cause of action are governed by a prior settlement agreement between the parties. A proposed amendment is futile if it could not withstand a motion to dismiss. See Oneida Indian Nation of N.Y. v. City of Sherrill, 337 F.3d 139, 168 (2d Cir. 2003). Where the proposed amended complaint would be subject to "immediate dismissal" for failure to state a claim or on some other ground, courts generally do not permit the amendment. See Jones v. New York State Div. of Military & Naval Affairs, 166 F.3d 45, 55 (2d Cir. 1999). However, where the party seeking to amend "has at least colorable grounds for relief, justice . . . require[s]" that the motion be granted. Ryder Energy Distribution Corp. v. Merrill Lynch Commodities Inc., 748 F.2d 774, 783 (2d Cir. 1984) (citations omitted). The Court finds that Plaintiff's allegation that Defendants breached a certificate of insurance presents at least a "colorable" ground for relief and that Defendants have thus far failed to show that the proposed amendment is futile. Accordingly, the Court hereby grants Plaintiff leave to amend his complaint.

SO ORDERED.

Dated:     December 20, 2012
           New York, New York

_____
Ronnie Abrams
United States District Judge