UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
JACOB KAPLAN,

                            Plaintiff,

-against-

UNITED HEALTHCARE INSURANCE COMPANY
OF NEW YORK and OPTUMHEALTH, INC.,

                            Defendants.
------------------------------------------------------------X

Civ. Act. No.
12-cv-7610(RA)(MD)

**ANSWER TO SECOND
AMENDED COMPLAINT**

DOCUMENT
ELECTRONICALLY FILED

      Defendants, UNITED HEALTHCARE INSURANCE COMPANY OF NEW YORK ("United") and OPTUMHEALTH, INC. ("OptumHealth") (collectively, "Defendants"), by their attorneys, Sedgwick LLP, as and for their Answer to Plaintiff's Second Amended Complaint (the "Complaint") dated January 11, 2013, respectfully set forth the following upon information and belief.

      FIRST:    Deny each and every allegation contained in paragraph "1" of Plaintiff's Complaint.

      SECOND:    Deny each and every allegation contained in paragraph "2" of Plaintiff's Complaint.

      THIRD:    Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "3" of Plaintiff's Complaint.

      FOURTH:    Deny each and every allegation contained in paragraph "4" of Plaintiff's Complaint and refer all questions of law to this Honorable Court.

      FIFTH:    Admit the truth of each and every allegation contained in paragraph "5" of Plaintiff's Complaint.

SIXTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "6" of Plaintiff's Complaint as alleged and respectfully refer to the claim file pertaining to Plaintiff's claim maintained by Defendants for the contents thereof for the facts and circumstances recorded therein.

SEVENTH: Admit the truth of each and every allegation contained in paragraph "7" of Plaintiff's Complaint.

EIGHTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "8" of Plaintiff's Complaint as alleged and respectfully refer all questions of law to the Honorable Court, except admit Plaintiff was an eligible dependent of Ms. Kaplan and enrolled for coverage as described in the Certificates of Coverage for the NYSHIP (the "Certificates"), and further admit that the Empire Plan Mental Health and Substance Abuse Program (the "EPMHSAP") provides coverage for mental health care and substance abuse care to enrollees in the New York State Health Insurance Program ("NYSHIP") and their eligible dependents pursuant to the terms, conditions, limitations and exclusions set forth in the Certificates.

NINTH: Deny each and every allegation contained in paragraph "9" of Plaintiff's Complaint as alleged, except admit that United is the insurer of the EPMHSAP and OptumHealth administers the claims for the EPMHSAP.

TENTH: Deny each and every allegation contained in paragraph "10" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the Certificate for the terms, conditions, limitations and exclusions set forth therein, except admit Plaintiff's Complaint accurately quotes from a portion of the Certificate.

ELEVENTH: Deny each and every allegation contained in paragraph "11" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and

respectfully refer to the Certificate for the terms, conditions, limitations and exclusions set forth therein.

TWELFTH: Deny each and every allegation contained in paragraph "12" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the Certificate for the terms, conditions, limitations and exclusions set forth therein.

THIRTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "13" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

FOURTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "14" of Plaintiff's Complaint.

FIFTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "15" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

SIXTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "16" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

SEVENTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "17" of Plaintiff's Complaint.

EIGHTEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "18" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

NINETEENTH: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "19" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

TWENTIETH: Deny each and every allegation contained in paragraph "20" of Plaintiff's Complaint.

TWENTY-FIRST: Deny each and every allegation contained in paragraph "21" of Plaintiff's Complaint as alleged, except admit that plaintiff commenced a previous action against defendants in the Supreme Court of the State of New York, County of Westchester assigned index no. 11-3993 and a Stipulation of Discontinuance with prejudice was filed August 25, 2011.

TWENTY-SECOND: Deny knowledge or information sufficient to form a belief as to the truth of each and every allegation contained in paragraph "22" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

TWENTY-THIRD: Deny each and every allegation contained in paragraph "23" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and

respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

TWENTY-FOURTH: Deny each and every allegation contained in paragraph "24" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the letter dated December 18, 2012 for the contents thereof.

TWENTY-FIFTH: Paragraph "25" of Plaintiff's Complaint contains a statement of law to which no response is required and refer all questions of law to this Honorable Court.

TWENTY-SIXTH: Paragraph "26" of Plaintiff's Complaint contains a statement of law to which no response is required. To the extent a response is required, Defendants deny each and every allegation contained in paragraph "26" of Plaintiff's Complaint and respectfully refer all questions of law to the Honorable Court.

TWENTY-SEVENTH: Paragraph "27" of Plaintiff's Complaint contains a statement of law to which no response is required. To the extent a response is required, deny each and every allegation contained in paragraph "27" of Plaintiff's Complaint as alleged, except admit that Plaintiff correctly quotes from 29 U.S.C. §1185a(a)(3), and respectfully refer all questions of law to the Honorable Court.

TWENTY-EIGHTH: In response to paragraph "28" of Plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "27," inclusive, with the same force and effect as if more fully set forth at length herein.

TWENTY-NINTH: Deny each and every allegation contained in paragraph "29" of Plaintiff's Complaint.

THIRTIETH: Deny each and every allegation contained in paragraph "30" of Plaintiff's Complaint.

THIRTY-FIRST: In response to paragraph "31" of Plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "29," inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-SECOND: Deny that each of Plaintiff's contentions contained in paragraph "32" of Plaintiff's Complaint are correct and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

THIRTY-THIRD: Admit the truth of each and every allegation contained in paragraph "33" of Plaintiff's Complaint and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

THIRTY-FOURTH: Deny each and every allegation contained in paragraph "34" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

THIRTY-FIFTH: Deny each and every allegation contained in paragraph "35" of Plaintiff's Complaint as alleged, respectfully refer all questions of law to the Honorable Court, and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

THIRTY-SIXTH: In response to paragraph "36" of Plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "35," inclusive, with the same force and effect as if more fully set forth at length herein.

THIRTY-SEVENTH: Deny each and every allegation contained in paragraph "37" of Plaintiff's Complaint as alleged and respectfully refer to the claim file pertaining to Plaintiff's claim for benefits for the contents thereof for the facts and circumstances recorded therein.

THIRTY-EIGHTH: Deny each and every allegation contained in paragraph "38" of Plaintiff's Complaint as alleged.

THIRTY-NINTH: Deny each and every allegation contained in paragraph "39" of Plaintiff's Complaint as alleged.

FORTIETH: Deny each and every allegation contained in paragraph "40" of Plaintiff's Complaint.

FORTY-FIRST: Deny each and every allegation contained in paragraph "41" of Plaintiff's Complaint as alleged.

FORTY-SECOND: Deny each and every allegation contained in paragraph "42" of Plaintiff's Complaint.

FORTY-THIRD: In response to paragraph "43" of Plaintiff's Complaint, Defendants repeat, reiterate and reallege each and every response to the allegations contained in paragraphs "1" through "42," inclusive, with the same force and effect as if more fully set forth at length herein.

FORTY-FOURTH: Deny each and every allegation contained in paragraph "44" of Plaintiff's Complaint.

FORTY-FIFTH: Deny each and every allegation contained in paragraph "45" of Plaintiff's Complaint.

FORTY-SIXTH: Deny each and every allegation contained in paragraph "46" of Plaintiff's Complaint.

FORTY-SEVENTH: Deny each and every allegation contained in paragraph "47" of Plaintiff's Complaint.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

FORTY-EIGHTH: Plaintiff's claims should be dismissed to the extent they fail to state a cause of action.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

FORTY-NINTH: Plaintiff's claims fall outside of, or are defeated by, the terms, conditions, limitations and exclusions of the Certificates.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

FIFTIETH: Plaintiff's claims should be dismissed to the extent they seek plan benefits for mental health treatment that OptumHealth did not certify as "medically necessary" as that term is defined under the EPMHSAP.

**AS AND FOR A FOURTH AFFIRMATIVE DEFENSE**

FIFTY-FIRST: Plaintiff's claims should be dismissed to the extent they seek plan benefits for mental health services rendered by out-out network providers, which exceed 80% of "reasonable and customary" charges for covered services under the EPMHSAP.

**AS AND FOR A FIFTH AFFIRMATIVE DEFENSE**

FIFTY-SECOND: Plaintiff's claims should be dismissed to the extent they seek plan benefits for out-of-network, mental health services rendered by a facility that is not an "Approved Facility" as that term is defined in the EPMHSAP.

**AS AND FOR A SIXTH AFFIRMATIVE DEFENSE**

FIFTY-THIRD: Plaintiff's claims should be dismissed to the extent they seek plan benefits for out-of-network, mental health services rendered by a person or entity that does not meet the definition of "Provider" as that term is defined in the EPMHSAP.

**AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE**

FIFTY-FOURTH: Plaintiff's claims seeking disclosure of additional information are barred to the extent that it seeks an order requiring disclosure of proprietary, business sensitive, and/or other protected information.

**AND FOR A EIGHTH AFFIRMATIVE DEFENSE**

FIFTY-FIFTH: Plaintiff's claims should be dismissed to the extent they seek plan benefits for mental health services and/or treatment that are not "Covered Services" as that term is defined in the EPMHSAP.

**AND FOR A NINTH AFFIRMATIVE DEFENSE**

FIFTY-SIXTH: Plaintiff's claims should be dismissed to the extent they seek plan benefits for amounts that should be paid by Plaintiff as "Deductible," "Copayments," and/or amounts that exceed the "Reasonable and Customary" charges as those term are defined in the EPMHSAP.

**AND FOR A TENTH AFFIRMATIVE DEFENSE**

FIFTY-SEVENTH: Plaintiff's claims should be dismissed to the extent they seek plan benefits for expenses that are not "Covered Expenses" as that term is defined in the EPMHSAP.

**AND FOR A ELEVENTH AFFIRMATIVE DEFENSE**

FIFTY-EIGHTH: Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

**AS AND FOR A TWELFTH AFFIRMATIVE DEFENSE**

FIFTY-NINTH: Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of estoppel.

**AS AND FOR A THIRTEENTH AFFIRMATIVE DEFENSE**

SIXTIETH: Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of laches.

**AS AND FOR A FOURTEENTH AFFIRMATIVE DEFENSE**

SIXTY-FIRST: Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands.

## AS AND FOR A FIFTEENTH AFFIRMATIVE DEFENSE

SIXTY-SECOND: Upon information and belief, Plaintiff's claims are barred in whole or in part by the doctrine of ratification.

## AS AND FOR AN SIXTEENTH AFFIRMATIVE DEFENSE

SIXTY-THIRD: Upon information and belief, Plaintiff's claims are barred in whole or in part by his negligence or gross negligence.

## AS AND FOR A SEVENTEENTH AFFIRMATIVE DEFENSE

SIXTY-FOURTH: All decisions made with regard to Plaintiff's claim were made for lawful and reasonable business reasons.

## AS AND FOR A EIGHTEENTH AFFIRMATIVE DEFENSE

SIXTY-FIFTH: Plaintiff's Third Cause of Action is barred to the extent that the EPMHSAP is not covered by 29 U.S.C. §1185a.

## AS AND FOR A NINETEENTH AFFIRMATIVE DEFENSE

SIXTY-SIXTH: Plaintiff's Third Cause of Action is barred to the extent that 42 U.S.C. §300gg-26 does not provide a private right action.

## AS AND FOR A TWENTIETH AFFIRMATIVE DEFENSE

SIXTY-SEVENTH: Plaintiff's Causes of Action are barred to the extent that Plaintiff released any and all claims, known or unknown, for any date of service on or prior to June 9, 2011.

## AS AND FOR A TWENTY-FIRST AFFIRMATIVE DEFENSE

SIXTY-EIGHTH: Plaintiff has failed to set out his claims with sufficient particularity to permit Defendants to raise all the appropriate defenses, and Defendants therefore reserve the right to add additional defenses as to the factual bases for Plaintiff's purported claims become known.

**WHEREFORE**, Defendants pray:

(a) that the action be dismissed, or that judgment be entered in favor of Defendants and against Plaintiff;

(b) Defendants be awarded costs of suit incurred herein;

(c) Defendants be awarded reasonable attorney's fees; and

(d) Defendants be awarded such other and further relief as this court may deem just and proper.

Dated: New York, New York
January 25, 2013

Respectfully submitted,

s/
_____
MICHAEL H. BERNSTEIN (MB 0579)
JOHN T. SEYBERT (JS 5014)
**SEDGWICK LLP**
225 Liberty Street, 28th Floor
New York, New York 10281
T: (212) 422-0202
F: (212) 422-0925
michael.bernstein@sedgwicklaw.com
*Attorneys for Defendants*

To: Robert Kaplan, Esq.
FERBER CHAN ESSNER & COLLER, LLP
Attorneys for Plaintiff
530 Fifth Avenue
New York, New York 10036
T: (212) 944-2200

# CERTIFICATE OF SERVICE

I, John T. Seybert, hereby certify and affirm that a true and correct copy of the attached **ANSWER TO SECOND AMENDED COMPLAINT** was served via ECF and Regular Mail on this 25th day of January, 2013, upon the following:

> Robert Kaplan, Esq.
> Ferber Chan Essner & Coller, LLP
> 530 Fifth Avenue
> New York, New York 10036
> T: (212) 944-2200

s/
JOHN T. SEYBERT (JS 5014)

Dated: New York, New York
January 25, 2013