ATTORNEYS AT LAW

225 LIBERTY STREET, 28TH FLOOR  NEW YORK, NY 10281-1008

www.sedgwicklaw.com   212.422.0202 *phone*   212.422.0925 *fax*

# Sedgwick LLP

# MEMO ENDORSED

John T. Seybert
(212) 898-4028
john.seybert@sedgwicklaw.com

May 24, 2013

*Via E-mail (Abrams_NYSDChambers@nysd.uscourts.gov)*
Hon. Ronnie Abrams
United States District Court for the Southern
District of New York
United States District Court Judge
500 Pearl Street, Room 620
New York, NY 10007

USDC-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/6/13

*Jacob Kaplan* v. *United Healthcare Insurance Company of New York, et al.*
Civ. Act. No. 12 Civ. 7610(RA)
File No.: 03246-000175

Dear Judge Abrams:

    In accord with the Court's direction during the call on May 16, 2013, the parties respectfully submit this joint letter addressing the issues discussed during that call and how the parties want to proceed in this matter based on that discussion.

    The first question posed was as to whether the parties believe that a settlement conference with Hon. Sarah Netburn, U.S.M.J. would be beneficial. We discussed the issues and do not believe that a settlement conference will help in resolving this matter.

    The second question is as to whether the Court should remand this action to state court for lack of subject matter jurisdiction. Defendants assert that the Court has federal question subject matter jurisdiction based on the well-pleaded complaint rule and plaintiff's Third Cause of Action for an alleged violation of the federal Mental Health Parity Act ("MHPA"). Defendants also assert that this matter cannot be remanded to state court unless the Third Cause of Action is dismissed. Plaintiff believes that this action can be remanded to state court, even if the third cause of action is not dismissed, if the parties agree to a remand.

    Plaintiff is willing to stipulate to a dismissal without prejudice of his third cause of action, as long as defendants will stipulate that upon remand, plaintiff may amend his complaint to add the second cause of action that was set forth in his proposed third amended complaint. The dismissal must be without prejudice so that, *inter alia*, plaintiff can preserve his rights as a potential class member in *New York State Psychiatric Association, Inc. v. UnitedHealth Group*, 13 Civ. 1599 (S.D.N.Y.).

    Defendants understand that, to the extent the parties cannot agree upon the resolution of the Third Cause of Action, the Court believes that the issue of whether the MHPA should be addressed at this

NY/1125009v1

Hon. Ronnie Abrams
May 24, 2013
*Jacob Kaplan v. United Healthcare Insurance Company of New York, et al.*
   Civ. Act. No. 12 Civ. 7610(RA)
Page 2

time by a formal motion to dismiss the Third Cause of Action. Defendants assert that a stipulation without prejudice is not appropriate at this time because Defendants are entitled to have the claim dismissed with prejudice or have a ruling on the viability of the claim. Defendants further assert that Plaintiff would not be a proper member of the class, if any, in the above-mentioned action. Accordingly, Defendants respectfully request a briefing schedule to set dates for the filling of motion papers on the motion to dismiss Plaintiff's Third Cause of Action.

Respectfully submitted,

| | |
|---|---|
| Robert Kaplan | John T. Seybert |
| FERBER CHAN ESSNER & COLLER, LLP | Sedgwick LLP |
| 530 Fifth Avenue | 225 Liberty Street, 28th Floor |
| New York, New York 10036 | New York, NY 10281 |
| Tel: (212) 944-2200 | Tel: (212) 422-0202 |
| rkaplan@ferberchan.com | michael.benrstein@sedgwicklaw.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendants* |
| Jacob Kaplan | United Healthcare Insurance Company of New York and OptumHealth, Inc. |

A telephone conference has been scheduled for June 11, 2013 at 2:00 p.m. So ordered.

USDJ
6/6/13

NY/1125009v1