UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------X
JACOB KAPLAN,

                Civil Action No.: 12 CIV 7610 (RA)

               Plaintiff,

       -against-

UNITED HEALTHCARE INSURANCE
COMPANY OF NEW YORK AND
OPTUMHEALTH, INC.,

             **DOCUMENT
             <u>ELECTRONICALLY FILED</u>**

           Defendants.

--------------------------------------------------------X

## DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF HIS THIRD CAUSE OF ACTION

       SEDGWICK LLP
       *Attorneys for Defendants*
       225 Liberty Street, 28th Floor
       New York, New York 10281
       Telephone: (212) 422-0202
       Facsimile:  (212) 422-0925
       (Sedgwick File No. 03246-000175)

Michael H. Bernstein
John T. Seybert
*Of Counsel*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES .................................................................................................... 1

PRELIMINARY STATEMENT .............................................................................................. 3

PROCEDURAL HISTORY ...................................................................................................... 5

    A.    Kaplan's First Action and the Settlement of That Action ................................... 5

    B.    Kaplan Commenced a Second Action in New York State Court .................................... 5

    C.    Defendants Removed the Second Action to Federal Court on Federal
           Question Grounds ............................................................................................ 6

    D.    Defendants Expressly Alleged Affirmative Defenses That Kaplan's
           Third Cause of Action Failed to State a Claim for Relief .................................... 6

    E.    Discovery Commenced in Second Action ........................................................... 6

    F.    Kaplan Filed an Amended Complaint But Did Not Withdraw His Third
           Cause of Action ............................................................................................... 7

    G.    Kaplan Sought To Amend His Complaint a Second Time to Add Another
           Cause of Action But Did Not Withdraw Third Cause of Action ................................... 7

    H.    Defendants Produced Documents in Accord with Case Management Plan
           and Resolve Discovery Issues .......................................................................... 7

    I.    The Court Sua Sponte Questions Whether Kaplan's Third Cause of Action
           States a Claim for Which Relief May Be Granted .............................................. 8

    J.    The Court Asks Defendants to Seek Leave to File a Motion to Dismiss ..................... 8

    K.    The Court Suggests That Kaplan Seek Voluntary Dismissal of His
           Third Cause of Action Without Prejudice and Holds Defendants'
           Request for Leave to Move for Dismissal of that Cause of Action on
           the Merits in Abeyance ................................................................................... 9

ARGUMENT ........................................................................................................................... 10

POINT I

THIS COURT SHOULD DENY PLAINTIFFS' MOTION TO VOLUNTARILY DISMISS
HIS THIRD CAUSE OF ACTION WITHOUT PREJUDICE ................................................ 10

    1.    Kaplan Did Not Act With Any Diligence in Bringing This Motion ........................... 10

    2.    Kaplan Has Been a Vexatious Litigant .......................................................... 12

3.   Discovery Has Progressed and Kaplan's Third Cause of Action Is
     Ripe for A Motion to Dismiss under Rule 12(b)(6) .................................................14

4.   Defendants Should Not Be Forced to Incur Additional Expense in
     Defending Against Kaplan's Claim in the Putative Class Action or
     Any Other Action ..............................................................................................................15

5.   Kaplan's Explanation for His Need to Voluntarily Dismiss His Third
     Cause of Action Without Prejudice Is Specious. ...........................................................16

CONCLUSION ..........................................................................................................................................17

NY/1267864v1

# TABLE OF AUTHORITIES

Page

**Cases**

*800-Flowers, Inc.* v. *Intercontinental Florist,*
   860 F. Supp. 128 (S.D.N.Y. 1994) ................................................................................................16

*Beaver Assocs.* v. *Cannon,*
   59 F.R.D. 508 (S.D.N.Y. 1973) ..................................................................................................10

*City of New York* v. *Exxon Corp.,*
   932 F.2d 1020 (2d Cir. 1991) .....................................................................................................15

*Comedy Partners* v. *Street Players Holding Corp.,*
   34 F. Supp.2d 194 (S.D.N.Y. 1999) ............................................................................................16

*D'Alto* v. *Dahon California, Inc.,*
   100 F.3d 281 (2d Cir. 1996) .......................................................................................................10

*Doe* v. *Dow Chemical Co.,*
   343 F.3d 325 (5th Cir. 2003) ......................................................................................................12

*Hartford Acc. & Indemn. Co.* v. *Costa Lines Cargo Servs., Inc.,*
   903 F.2d 352 (5th Cir. 1990) ......................................................................................................12

*Hudson Engineering Co.* v. *Bingham Pump Co.,*
   298 F.Supp. 387 (S.D.N.Y. 1969) ..............................................................................................13

*Meeropol* v. *Nizer,*
   505 F.2d 232 (2d Cir. 1974) .......................................................................................................16

*Villegas* v. *Princeton Farms, Inc.,*
   893 F.2d 919 (7th Cir. 1990) ......................................................................................................14

*Wojtas* v. *Capital Guardian Trust Co.,*
   477 F.3d 924 (7th Cir. 2007) ......................................................................................................16

*Zagano* v. *Fordham Univ.,*
   900 F.2d 12 (2d Cir. 1990) *cert. den'd* 498 U.S. 899 (1990) ..........................................4, 9, 10

**Statutes**

42 U.S.C. §300gg-26 ................................................................................................3, 5, 6, 8

Rule 12(b)(6), FED. R. CIV. P., ................................................................................................4, 17

FED. R. CIV. P. 15 ................................................................................................11

Rule 41(a)(2), FED. R. CIV. P.,................................................................................................3

Employee Retirement Income Security Act of 1974, as amended ("ERISA").......................................3

29 U.S.C. §1185a ................................................................................................3, 5, 6, 8

**PRELIMINARY STATEMENT**

Defendants, United Healthcare Insurance Company of New York, Inc. and OptumHealth, Inc., respectfully submit this brief in opposition to Plaintiff Jacob Kaplan ("Kaplan's") motion to voluntarily dismiss his Third Cause of Action *without prejudice* pursuant to Rule 41(a)(2), FED. R. CIV. P., in order to avoid Defendants' motion to dismiss Kaplan's Third Cause of Action *with prejudice*.

Kaplan's Third Cause of Action seeks damages from Defendants based on their purported violation of the federal Mental Health Parity and Addiction Equality Act ("MHPAEA"), under the Employee Retirement Income Security Act of 1974, as amended ("ERISA")§712, 29 U.S.C. §1185a, and under 42 U.S.C. §300gg-26.  But Kaplan is enrolled in a state governmental plan that is not governed by ERISA and therefore, he is not entitled any relief under ERISA.  To the extent Kaplan could even identify a violation of 42 U.S.C. §300gg-26, the statute does not provide for a private right of action.  Kaplan has been on notice of these defenses since October, 2012.  Furthermore, Hon. Sarah J. Netburn U.S.M.J. and Hon. Ronnie Abrams, U.S.D.J., have both stated informally at several conferences, that Kaplan's Third Cause of Action fails to state a claim for relief.  Once Defendants indicated their intention to move to dismiss his Third Cause of Action with prejudice, Kaplan sought to voluntarily dismiss his Third Cause of Action without prejudice hoping to avoid a determination on the merits so that he can attempt to reassert this baseless claim as part of a putative class action.[1]  Notably, Kaplan does not seek to voluntarily dismiss his entire action without prejudice; rather his motion demonstrates an intention to continue litigating all claims asserted in this action, albeit in two separate forums and in two separate actions. Given these circumstances, the Court should deny Kaplan's motion.

---

[1] The New York State Psychiatric Association, Inc. brought a putative class action lawsuit against United Health Group in the U.S. District Court, S.D.N.Y., Civ. Act. No. 13-cv-01599(CM), hereinafter referred to as the "Putative Class Action," which was commenced on March 11, 2013.

In order to be granted leave to dismiss any cause of action without prejudice, Kaplan must show that on balancing of the factors identified in *Zagano* v. *Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990) *cert. den'd* 498 U.S. 899 (1990) there will be no prejudice caused to the Defendants. Kaplan's motion fails to meet that burden because: (1) Kaplan lacked diligence in bringing this motion, waiting nearly ten months from the date this action was removed to this court and also following informal letter briefing on the merits indicating that his Third Cause of Action failed to state a claim for relief before he filed this motion; (2) Kaplan has a demonstrated history of vexatious litigation and his sole stated purpose for dismissal without prejudice is to avoid dismissal on the merits so he can join the Putative Class Action, which will require Defendants to defend Kaplan's claims in two separate forums; (3) discovery has progressed in this action and there has already been informal letter briefing on the merits of Kaplan's Third Cause of Action demonstrating that it lacks merits; (4) Defendants have spent a significant amount of time, energy and expense engaging in discovery and the cost of relitigating this cause of action as part of the Putative Class Action will increase Defendants' costs significantly, particularly given that Defendants have already requested a briefing schedule for their proposed motion to dismiss before the Court proposed this motion; and (5) Kaplan has failed to provide an adequate explanation for the need to dismiss only his Third Cause of Action.

For these reasons, and as discussed more fully below, this Court should deny Kaplan's motion to voluntarily dismiss his Third Cause of Action *without prejudice* and set a briefing schedule for Defendants' proposed Rule 12(b)(6), FED. R. CIV. P., motion to dismiss the Third Cause of Action *with prejudice.*

## PROCEDURAL HISTORY

### A.   Kaplan's First Action and the Settlement of That Action

On February 3, 2011, Kaplan commenced an action entitled *Jacob Kaplan* v. *United Healthcare Insurance Company of New York and OptumHealth, Inc.*, Index Number 11-3993, filed in the Supreme Court of the State of New York, Westchester County (the "First Action").  (Declaration of Michael H. Bernstein dated July 12, 2013 ("Bernstein Dec."), Ex. "1").  The parties settled the First Action and as part of the terms of that Settlement, Kaplan agreed to release any and all claims against Defendants related to any services rendered through June 9, 2011.  (Bernstein Dec., Exs. "2", "10").

### B.   Kaplan Commenced a Second Action in New York State Court

On or about September 13, 2012, Kaplan commenced a second action against Defendants in the Supreme Court of the State of New York, County of New York.  (Bernstein Dec., Ex. "3").  The suit was identified in the Supreme Court of the State of New York as *Jacob Kaplan* v. *United Healthcare Insurance Company Of New York and Optumhealth, Inc.*, Index No. 156320/2012.  (*Id.*).  In his Complaint, Kaplan alleged that he is an enrollee in the New York State Insurance Program for employees of the State of New York because he is an eligible dependent of his mother, Francine Kaplan, an Assistant Attorney General for the State of New York.  (Complaint, ¶¶6-7).  Kaplan alleged that Defendants wrongfully denied his claims for out-of-network benefits for treatment he had been receiving from Dr. Bret Rutherford, a psychiatrist.  (Complaint, ¶¶22-23).  Kaplan's Complaint alleged three causes of action: (1) breach of contract; (2) declaratory relief; and (3) and a claim based on an alleged violation of 29 U.S.C. §1185a and 42 U.S.C. §300gg-26.  (Complaint, ¶¶27-41).

**C.     Defendants Removed the Second Action to Federal Court on Federal Question Grounds**

On October 11, 2012, Defendants timely removed this action to this Court based on federal question subject matter jurisdiction.  (Bernstein Dec., Ex. "4").  Specifically, Kaplan's Third Cause of Action alleged that Defendants violated 29 U.S.C. §1185a and/or 42 U.S.C. §300gg-26, which are both federal laws, and that the well-pleaded complaint therefore asserted a federal question.  (*Id.*, ¶¶6-7).  At that time, Kaplan did not seek remand or attempt to withdraw his Third Cause of Action.

**D.     Defendants Expressly Alleged Affirmative Defenses That Kaplan's Third Cause of Action Failed to State a Claim for Relief**

On October 18, 2012, Defendants filed their Answer to Complaint.  (Bernstein Dec., Ex. "5").  Defendants asserted in their Eighteenth Affirmative Defense, that Kaplan's Third Cause of Action failed to state a claim for relief because the Plan at issue was not covered by 29 U.S.C. §1185a.  (*Id.*).  Defendants also asserted in their Nineteenth Affirmative Defense, that Kaplan's Third Cause of action failed to state a claim for relief because 42 U.S.C. §§300gg-26 does not provide a private right of action.  (*Id.*).  Notwithstanding his notice of these defenses, Kaplan did not seek to withdraw his Third Cause of Action at that time.

**E.     Discovery Commenced in Second Action**

By Order dated October 23, 2012, this Court noticed an initial scheduling conference for November 30, 2012.  (Bernstein Dec., Ex. "6").   On November 21, 2012, the parties jointly submitted a proposed Case Management Plan and joint letter in accord with the Court's Order.  (Bernstein Dec., Ex. "7").  Counsel for the parties appeared at the November 30, 2012 conference.  At the conference, Kaplan did not seek to withdraw his Third Cause of Action.  The Court entered the proposed Case Management Plan and discovery commenced.  (Doc. No. 9.).

**F.   Kaplan Filed an Amended Complaint But Did Not Withdraw His Third Cause of Action**

On the same day as the conference, Kaplan advised the court of his intention to amend his Complaint to add a Fourth Cause of Action concerning an additional claim for $420.00 alleging that Defendants wrongly recouped an overpayment.  (Bernstein Dec., Ex. "8").  The additional cause of action related to a claim that was the subject of the Settlement and Release Agreement and Defendants objected to the amendment.[2]  (Bernstein Dec., Ex. "10").  By Order dated December 20, 2012, this Court granted Kaplan leave to file his proposed Amended Complaint.  (Doc. No. 13).

**G.   Kaplan Sought To Amend His Complaint a Second Time To Add Another Cause of Action But Did Not Withdraw Third Cause of Action**

By letter dated January 2, 2013, Kaplan again sought to amend his Complaint to add a new theory of recovery.  (Bernstein Dec., Ex. "12").  At that time, Kaplan did not seek to withdraw his Third Cause of Action.  (*Id.*).

**H.   Defendants Produced Documents in Accord with Case Management Plan and Resolve Discovery Issues**

As of February 5, 2013, Defendants produced to Kaplan 1,440 pages of documents responsive to his demands for discovery.  Plaintiff and Defendants held discussions regarding various discovery disputes, which were then raised by letter briefing to the court dated February 5 and 7, 2013, and involved Kaplan's refusal to produce documents in response to Defendants' discovery demands, his insistence that an employee be brought from Israel to the United States for deposition and his refusal to provide signed authorizations for the release of medical records. (Bernstein Dec., Exs. "14", "15").  On February 19, 2013, a telephone conference was held with Hon. Sarah Netburn, U.S.M.J., who resolved the discovery disputes.  Additional time was needed to

---

[2] The Settlement Agreement is subject to a confidentiality provision and can be made available to the court under seal.

complete discovery and Magistrate Judge Netburn issued a Revised Case Management Plan on March 25, 2013.

**I.    The Court Sua Sponte Questions Whether Kaplan's Third Cause of Action States a Claim for Which Relief May Be Granted**

During a telephone conference call with the Court on April 3, 2013, which was originally scheduled for the parties to discuss Kaplan's proposed Second Amended Complaint, Magistrate Judge Netburn raised the issue of whether this court has subject matter jurisdiction over this action. (Declaration of John T. Seybert dated July 12, 2013, ¶3 ("Seybert Dec.")).  Specifically, Magistrate Judge Netburn advised counsel that it appeared, based on her preliminary research that the MHPAEA did not provide for a private right of action and that if the Third Cause of Action was dismissed, there would no longer be federal question subject matter jurisdiction.  (*Id.*).  Kaplan requested time to research and prepare a response.  (*Id.*).  By letter dated April 10, 2013, Kaplan again refused to voluntarily withdraw his Third Cause of Action without prejudice and asserted that he believes that his Third Cause of Action is viable.  (Bernstein Dec., Ex. "16").  In accord with this Court's direction, by letter dated April 15, 2013, Defendants set forth the arguments underlying their Affirmative Defenses and explained why Kaplan's Third Cause of Action did not set forth a viable claim for which relief may be granted.  (Bernstein Dec., Ex. "17").  Defendants specifically, explained that the Empire Plan is not covered by 29 U.S.C. §1185a because it is a state governmental plan, excepted from ERISA.  (*Id.*).  Defendants further explained that 42 U.S.C. §300gg-26, the other statute under which Kaplan seeks relief, does not provide for a private right of action.  (*Id.*).

**J.    The Court Asks Defendants to Seek Leave to File a Motion to Dismiss**

On May 16, 2013, counsel participated in a scheduled call with Judge Abrams regarding the letter briefing for Defendants' proposed motion to dismiss.  During that call, Judge Abrams advised the parties that she also believed Kaplan's Third Cause of Action failed to state a claim for relief.

(Seybert Dec., ¶4).  The Court gave counsel until May 24, 2013 to submit a joint letter discussing how this case should proceed: (1) hold a settlement conference; (2) proceed with formal briefing; or (3) enter into a stipulation of dismissal.  On May 23, 2013, counsel held a telephone call during which Kaplan advised that he would not voluntarily withdraw his Third Cause of Action.  (Seybert Dec., ¶5).  By email sent on May 23, 2013, Defendants advised Kaplan that they believed his position was frivolous.  (Seybert Dec., Ex. "20").  It was not until May 24, 2013 that Kaplan suggested that he wanted to dismiss his Third Cause of Action *without prejudice* so that he could pursue this claim in a pending putative class action suit.  Defendants rejected that request because of the undue prejudice that would result.   (*Id.*).  Specifically, Defendants rejected Kaplan's proposal because his claim was ripe for review on the merits and that permitting him to simply dismiss the Third Cause of Action without prejudice would allow him to bring the claim again, either individually or as part of a class action.  As a result, the parties submitted a letter dated May 24, 2013 requesting formal briefing on the issue of whether the Third Cause of Action should be dismissed with prejudice.  (Bernstein Dec., Ex. "18").  Specifically, Defendants requested a pre-motion conference to set a briefing schedule to dismiss the Third Cause of Action with prejudice and on the merits.

**K.**	**The Court Suggests That Kaplan Seek Voluntary Dismissal of His Third Cause of Action Without Prejudice and Holds Defendants' Request for Leave to Move for Dismissal of that Cause of Action on the Merits in Abeyance**

On June 11, 2013, the Court held a telephone conference with counsel for the parties at which time it suggested that Kaplan move to voluntarily dismiss his Third Cause of Action without prejudice and advised him to set forth why his claim should be dismissed under the *Zagano*[3] factors. (Bernstein Dec., Ex. "19", T. 6:10-18).  The Court directed Defendants not to file their proposed

---

[3] *See Zagano* v. *Fordham Univ.*, 900 F.2d 12 (2d Cir. 1990) *cert. den'd* 498 U.S. 899 (1990).

motion to dismiss the Third Cause of Action with Prejudice until Kaplan's motion to voluntarily dismiss without prejudice has been decided. (*Id.*)

**ARGUMENT**

**POINT I**
**THIS COURT SHOULD DENY PLAINTIFFS' MOTION**
**TO VOLUNTARILY DISMISS HIS THIRD CAUSE OF**
**ACTION WITHOUT PREJUDICE**

Kaplan's motion for an order permitting him to dismiss his Third Cause of Action *without* prejudice should be denied because it will unjustly prejudice Defendants in their defense of this claim. The decision to deny a motion to voluntarily dismiss an action is left to the sound discretion of the district court. *See Beaver Assocs.* v. *Cannon*, 59 F.R.D. 508 (S.D.N.Y. 1973). But the Court must consider the following five *Zagano* factors in determining whether a voluntary dismissal of the claim without prejudice is appropriate: "(1) plaintiff's diligence in bringing the motion; (2) any 'undue vexatiousness' on plaintiff's part; (3) the extents to which the suit has progressed, including the defendant's efforts and expense in preparation for trial; (4) the duplicative expense of relitigation; and (5) the adequacy of plaintiff's explanation for the need to dismiss." *D'Alto* v. *Dahon California, Inc.*, 100 F.3d 281, 283 (2d Cir. 1996). After a review of those factors, this Court should deny Kaplan's motion for the following reasons:

**1.    Kaplan Did Not Act With Any Diligence in Bringing This Motion**

This action has been pending for nearly ten months and at no time did Kaplan seek to withdraw his Third Cause of Action until it became apparent that the Court would likely dismiss it on the merits. On October 11, 2012, when Defendants removed this action, Kaplan was on notice that the basis for subject matter jurisdiction was his Third Cause of Action. (Bernstein Dec., Ex. "4" at ¶6). He did not withdraw this Cause of Action. On October 18, 2012, Defendants served their Answer to Complaint, setting forth their Eighteenth and Nineteenth Affirmative Defenses,

which put Kaplan on notice that his Third Cause of Action failed to state a claim for relief.  At that time, Kaplan could have amended his Complaint as of right to withdraw his Third Cause of Action.  *See* FED. R. CIV. P. 15.  Kaplan did not withdraw his Third Cause of Action at that time.

On November 30, 2012, Kaplan advised the Court that he seeks to amend his Complaint to add an additional cause of action for $420.00.  (Bernstein Dec., Ex. "8").  The Court granted him leave to file the Amended Complaint, and Kaplan did not seek to withdraw his Third Cause of Action at that time.  Instead, Kaplan chose to pursue discovery from defendants on those areas that form the basis for his Third Cause of Action.  (Bernstein Dec., Ex. "20", Requests Nos. 35, 36, 53, 55, 66-67).  Defendants provided responses to Kaplan's demands including more than 1,400 pages of documents, which consisted of Level of Care Guidelines for mental health services.  (Bernstein Dec., Ex. "14", at p. 3, ¶4).

On January 2, 2013, Kaplan, again sought to amend his Complaint.  (Bernstein Dec., Ex. "12").  He did not seek to withdraw his Third Cause of Action at that time either.  During a call with the Court on April 3, 2013, Magistrate Judge Netburn advised Kaplan that she did not believe that the MHPAEA provided a private right of action and asked whether he would voluntarily withdraw the Third Cause of Action, which would result in the case being remanded to state court.  (Seybert Dec., ¶3).  Kaplan refused and argued that the Third Cause of Action was viable.  (Bernstein Dec., Ex. "16").  Defendants responded by arguing that the Third Cause of Action failed to state a claim for which relief may be granted, and should be dismissed on the merits.  (Bernstein Dec., Ex. "17").

During a call with the Court on May 16, 2013, Judge Abrams also advised Kaplan of her opinion that the MHPAEA did not provide for a private right of action.  (Seybert Dec., ¶4).  It was not until the morning of May 24, 2013 that Kaplan finally suggested filing a stipulation to withdraw his Third Cause of Action *without prejudice*.  Defendants' assertion that the Third Cause of Action lacked merit and that Defendants may seek sanctions if required to pursue a motion to dismiss.

(Seybert Dec., Ex "20").  Kaplan refused to voluntarily dismiss the Third Cause of Action on the merits and Defendants sought leave to file a motion to dismiss the Third Cause of Action with prejudice.  Judge Abrams then suggested that Kaplan file the instant motion, which he agreed to do. Defendants were told not to file their proposed motion to dismiss on the merits until after Kaplan's motion was decided.  (Bernstein Dec., Ex "19", T. 6:10-8:3).

Kaplan has pursued his Third Cause of Action for more than nine months and has had countless opportunities to withdraw this Cause of Action.  His failure to timely withdraw his Third Cause of Action until he was faced with a motion to dismiss on the merits is prejudicial to Defendants.  *See Doe* v. *Dow Chemical Co.*, 343 F.3d 325, 330 (5th Cir. 2003) (upholding district court's denial of motion to voluntarily dismiss without prejudice where plaintiff waited nine months and was faced with motion to dismiss); *Hartford Acc. & Indemn. Co.* v. *Costa Lines Cargo Servs., Inc.*, 903 F.2d 352, 361 (5th Cir. 1990) (finding that prejudice to defendant existed where the plaintiff sought to dismiss action without prejudice ten months after the action was removed).

### 2.   Kaplan Has Been a Vexatious Litigant

Kaplan has been a vexatious litigant.  He first brought an action in 2011 seeking benefits under the Plan.  (Bernstein Dec., Ex. "3").  After a settlement was reached, he commenced another action for similar relief nearly a year later.

Furthermore, Kaplan has refused to pursue the administrative remedies available to him under the Plan, choosing instead to bring serial litigation.  (Bernstein Dec., Ex "13").  He has also amended his Complaint to seek an award of money damages for a claim that he already released as part of the prior settlement of the First Action.  (Bernstein Dec., Ex. "10").  Kaplan has also been obstreperous and recalcitrant in litigating this matter.  For example, he has refused to produce

documents that he knows are indisputably discoverable, requiring letters to Court, conferences with Magistrate Judge Netburn, etc.[4]  (Bernstein Dec., Ex. "14").

It was not until Kaplan was faced with the threat of sanctions that he proposed dismissing his Third Cause of Action without prejudice.   (Seybert Dec., ¶5).  Moreover, he did not propose a dismissal of this cause of action to be reasonable. Rather, he proposed the withdrawal of the Third Cause of Action to avoid a ruling on the merits, which would have foreclosed his ability to use this cause of action as leverage in future lawsuits to harass Defendants.  *See Hudson Engineering Co.* v. *Bingham Pump Co.*, 298 F.Supp. 387, 389 (S.D.N.Y. 1969) (noting "the court should consider the fact that a dismissal with prejudice [h]as the effect of a final adjudication of the merits and is a bar to future suits brought by plaintiff upon the same cause action.").

It is clear that Kaplan hopes to avoid a ruling on the merits on his Third Cause of Action by dismissing it without prejudice so that he can continue to pursue this claim against Defendants in another action.  Indeed, Kaplan admits that he seeks to join his claim with the Putative Class Action lawsuit.  Effectively, Kaplan hopes to litigate this issue on the same facts in two different forums; that is to have this action remanded back to state court and then join his Third Cause of Action to the Putative Class Action.  This will cause significant prejudice and cost to Defendants.  Moreover, Kaplan who has already demonstrated his vexatious and obstreperous behavior time and again, should not be allowed the ability to harass Defendants by splitting his claims and avoiding a ruling on the merits of his Third Cause of Action.

It is worth noting that Kaplan does not meet any of the parameters of the Putative Class Action.  The Putative Class Action seeks relief under ERISA for an alleged violation of the federal MHPAEA.  (Supplemental Declaration of Robert Kaplan dated July 1, 2013, Ex. "D", Counts II-

---

[4] Kaplan has served discovery requests regarding his Third Cause of Action, and Defendants responded to those requests. (Bernstein Dec. Exs. "14" and "20".)

IV). The parties and the Court have all agreed, however, that the employee benefit plan under which Kaplan seeks benefits is <u>not</u> governed by ERISA. (Bernstein Dec., Exs. "3", "4", "17"). Therefore, the effect of Kaplan seeking to join the Putative Class Action would be to expand the scope of that litigation on dubious grounds, but with the result being more litigation and expense to the Defendants.

Finally, if Kaplan's Third Cause of Action is merely dismissed without prejudice, there is nothing preventing him from relitigating the action in another forum. Kaplan could bring a separate action for this relief. This is unfair and prejudicial to Defendants who are entitled to a dispositive ruling fully and finally determining the viability of this cause of action before the matter is remanded to another forum.

This Court should therefore rule on the merits of the Third Cause of Action to avoid further litigation on this issue and prevent further vexatious litigation.

### 3. Discovery Has Progressed and Kaplan's Third Cause of Action Is Ripe for A Motion to Dismiss under Rule 12(b)(6)

The parties have engaged in substantial discovery and Defendants filed a request for leave to file a motion to dismiss the Third Cause of Action on the merits and with prejudice. (Bernstein Dec., Ex. "17"). The Court advised Kaplan that he should file a motion for leave to voluntarily dismiss his Third Cause of Action only after Defendants requested leave to file a motion to dismiss the Third Cause of Action with prejudice. By the time Defendants filed their request, Plaintiff had set forth his position opposing Defendants proposed motion in his letter dated April 10, 2013 and Defendants set forth their position in a letter dated April 15, 2013. (Bernstein Dec., Exs. "16", "17"). Moreover, both Magistrate Judge Netburn and Judge Abrams independently advised that they did not see any basis for finding that the MHPAEA provided a private right of action. (Seybert Dec., ¶¶3-4). Kaplan has not identified any discovery that he needs in order to defend against

Defendants' proposed motion to dismiss and therefore, Defendants' motion is ripe for adjudication. Accordingly, it is clear that Kaplan is merely seeking to dismiss without prejudice to avoid a final determination on the merits of his Third Cause of Action, which is improper at this point in the proceedings. *See, e.g., Villegas* v. *Princeton Farms, Inc.*, 893 F.2d 919, 924 (7th Cir. 1990) (noting that a district court abuses its discretion when it grants a voluntarily dismissal after it has issued a final adjudication clearly resolving the merits of the case").

### 4. Defendants Should Not Be Forced to Incur Additional Expense in Defending Against Kaplan's Claim in the Putative Class Action or Any Other Action

Kaplan states that he seeks to assert his Third Cause of Action as part of the Putative Class Action, which is pending in this Court. Defendants should not be required to defend against Kaplan's claim, again, before a different judge. The issue of subject matter jurisdiction was raised by this Court on April 3, 2013. (Seybert Dec., ¶3). In connection with this Court's Order, the parties have submitted informal letter briefing on whether the Third Cause of Action, which provides the basis for federal question subject matter jurisdiction, actually states a claim for which relief may be granted. (Bernstein Dec., Exs. "16", "17"). This issue has been fully ventilated here and the only act that has not taken place is the actual filing of a formal motion, which is due to Judge Abrams' request that Kaplan file the instant motion first. (Bernstein Dec., Ex. "19").

Inserting Kaplan's Third Cause of Action into the Putative Class Action will only serve to complicate that on-going litigation. Kaplan argues that Defendants' expenses will not be duplicated because they still have to defend against all of the claims in that litigation. (Doc. No. 29, p. 5). But that incorrectly presumes that Kaplan's Third Cause of Action would survive Defendants' motion to dismiss or that Putative Class Action itself survives a motion to dismiss. (Doc. No. 29, Ex. "A"). If Kaplan's Third Cause of Action is dismissed with prejudice here, there will be no basis to continue to litigate these issues in any other action, and thus, expenses will be kept under control.

Moreover, this action is the first-filed action and Kaplan may not be allowed to simply join his claims for relief with a later filed action without some showing of exceptional circumstances, which he has failed to make in support of his motion to voluntarily dismiss without prejudice. *See City of New York* v. *Exxon Corp.*, 932 F.2d 1020, 1025 (2d Cir. 1991) ("The 'first filed' rule states that 'where an action is brought in one federal district court and a later action embracing the same issue is brought in another federal court, the first court has jurisdiction to enjoin the prosecution of the second action. . .'") (quoting *Meeropol* v. *Nizer*, 505 F.2d 232, 235 (2d Cir. 1974)); *Comedy Partners* v. *Street Players Holding Corp.*, 34 F. Supp.2d 194 (S.D.N.Y. 1999) ("Under the first-filed rule, when two district courts concurrently have before them actions involving the same parties and issues, there is a 'strong presumption in favor of the first-filed suit.'") (quoting *800-Flowers, Inc.* v. *Intercontinental Florist*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994)).  If Kaplan is a party to the Putative Class Action, then his Third Cause of Action would be subject to the "first filed" rule and subject to dismissal because a defendant should not be required to litigate the same issues in two separate forums.

### 5. Kaplan's Explanation for His Need to Voluntarily Dismiss His Third Cause of Action Without Prejudice Is Specious

Kaplan was admittedly aware of the Putative Class Action on April 10, 2013 when he filed his letter with the Court asserting that he should be entitled to pursue his Third Cause of Action. (Bernstein Dec., Ex. "16").   Kaplan did not seek to dismiss this claim until Defendants requested leave to move to dismiss his Third Cause of Action and after this Court had already indicated that it did not believe there was a private right of action under the MHPAEA.  Indeed, Kaplan did not seek to amend his pleadings to dismiss the Third Cause of Action until the Court suggested this motion be filed.  (Bernstein Dec., Ex. "19", T. 6:10-8:9).  Therefore, Kaplan's request to voluntarily dismiss his Third Cause of Action without prejudice appears to be nothing more than a (transparent)

attempt to avoid a ruling on the merits of his claim, which is not a reasonable explanation for voluntarily dismissing this cause of action at this time.

Accordingly, Defendants will suffer clear legal prejudice if Kaplan's motion is granted. This Court should therefore deny Kaplan's motion to dismiss without prejudice. *See Wojtas* v. *Capital Guardian Trust Co.*, 477 F.3d 924, 927 (7th Cir. 2007).

## **CONCLUSION**

For the foregoing reasons, this Court should deny Kaplan's motion to voluntarily dismiss his Third Cause of Action without prejudice and set a briefing schedule for Defendants' proposed Rule 12(b)(6), FED. R. CIV. P., motion to dismiss the Third Cause of Action *with prejudice*.

Dated: New York, New York
     July 12, 2013

                              Respectfully submitted,

                            _s/ Michael H. Bernstein_____
                            MICHAEL H. BERNSTEIN
                            JOHN T. SEYBERT
                            SEDGWICK LLP
                            225 Liberty Street, 28th Floor
                            New York, NY 10281
                            Tel. (212) 422-0202
                            Fax (212) 422-0925
                            Attorneys for Defendants

## <u>CERTIFICATE OF SERVICE</u>

I, John T. Seybert, hereby certify and affirm that a true and correct copy of the attached **DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR AN ORDER OF VOLUNTARY DISMISSAL WITHOUT PREJUDICE OF HIS THIRD CAUSE OF** action  was served via ECF on this 12th day of July, 2013, upon the following:

Robert M. Kaplan
Ferber Chan Essner & Coller, LLP
530 Fifth Avenue
New York, NY  10036
rkaplan@ferberchan.com


s/John T. Seybert
Dated:    New York, New York             JOHN T. SEYBERT
          July 12, 2013