UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x
JACOB KAPLAN,

                                                    12 Civ. 7610 (RA)

                         Plaintiff,

        -against-

UNITED HEALTHCARE INSURANCE COMPANY
OF NEW YORK and OPTUMHEALTH, INC.,

                         Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -x


**PLAINTIFF'S REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF
MOTION FOR AN ORDER OF DISMISSAL WITHOUT PREJUDICE**

        Plaintiff respectfully submits the within reply memorandum of law in further support of

his motion for an order pursuant to F.R.C.P. 41(a)(2), dismissing his third cause of action

without prejudice.

## ARGUMENT

### PLAINTIFF IS ENTITLED TO DISMISSAL OF HIS CAUSE OF ACTION
### UNDER THE PARITY ACT WITHOUT PREJUDICE

        Plaintiff previously established that this motion should be granted in all respects as

defendants will not be prejudiced if plaintiff's third cause of action is dismissed without

prejudice.  Plaintiff is not seeking the unfettered right to revive this cause of action in the future;

instead, all that plaintiff is seeking is to preserve his rights in the event of a favorable ruling in a

pending action in this District in which defendants are litigating an identical claim.

        Plaintiff's third cause of action seeks relief under the Paul Wellstone and Pete Domenici

91465                                      1

Mental Health Parity and Addition Equity Act, 29 U.S.C. §1185a and 42 U.S.C. §300gg-26 (the "Parity Act") and is the basis for this Court's jurisdiction over this action.  However, the issue of whether a private cause of action exists under the Parity Act is currently being litigated by defendants in a class-action lawsuit now pending in the Southern District entitled *New York State Psychiatric Association, Inc. v. United Health Group*, 13 Civ. 1599 (S.D.N.Y.) (the "Class Action") – in that lawsuit, defendants' pending motion to dismiss the amended complaint alleges, *inter alia*, that there is no private cause of action under the Parity Act.  Since that issue is being litigated by defendants in that case, there is no reason for the parties here to engage in duplicative motion practice on that very same issue.  However, since plaintiff is a potential member of one of the classes of plaintiffs in the Class Action, a dismissal without prejudice is sought merely to ensure that plaintiff will retain whatever rights he may have as a class member. If the court in the Class Action determines there is no private right of action under the Parity Act, that will be the end of the issue as far as plaintiff is concerned.  If the court in the Class Action determines there is a private right of action under the Parity Act, plaintiff will simply have the rights that he is entitled to as a member of one of the classes of plaintiffs in that case. Defendants do not and cannot show that they will be "prejudiced" by either result.

Defendants, in their opposing memorandum of law ("Opposing Memo"), preserve their unblemished record in this action of refusing to agree to anything reasonable.  Defendants' arguments are so patently without merit that they warrant only brief mention.

First, the principal pillar of defendants' opposition is their assertion that plaintiff's "request to voluntarily dismiss his Third Cause of Action without prejudice appears to be nothing more than a (transparent) attempt to avoid a ruling on the merits of its claim" (Opposing Memo at 16-17).  This argument is sheer nonsense -- in the Class Action another court in the Southern

District is currently deciding whether or not a private cause of action exist under the Parity Act and since plaintiff is a potential member of one of the plaintiff classes, that ruling will be dispositive as to plaintiff. The only thing that plaintiff is seeking to avoid here is the unnecessary expenditure of resources by this Court and the parties to litigate an issue which is already being addressed by another judge in this District. Defendants do not explain why they appear to be recommending duplicative litigation (unless it is simply their counsel's desire to run up additional fees).

Second, defendants' claim that plaintiff "has been a vexatious litigant" (Opposing Memo at 12) is utterly and demonstrably frivolous. It appears that to defendants and their counsel a "vexatious litigant" is merely someone who vigorously pursues their contractual rights against unscrupulous health insurers.

Plaintiff indeed brought a prior action against defendants in 2011 and defendants ultimately entered into a settlement of that action which was entirely satisfactory to plaintiff. Plaintiff would be more than happy to have this Court review that settlement agreement under seal.

Plaintiff commenced this action based upon defendants' breaches of duty which post-dated the events that were the subject of his prior lawsuit. Although defendants complain that plaintiff brought this suit instead of pursuing his administrative remedies (Opposing Memo at 12), defendants do not deny that plaintiff was *not* obligated to pursue any administrative remedies and was free to bring this lawsuit against defendants. Moreover, although defendants now regurgitate their argument that plaintiff amended his complaint to seek an award of money damages for a claim that he had already released (Opposing Memo at 12), defendants blithely ignore the fact that this Court, after considering this argument by defendants, expressly granted

plaintiff leave to add this cause of action (see order dated December 20, 2012, docket no. 13).

Furthermore, although defendants claim that plaintiff has been "obstreperous and recalcitrant in litigating this matter" (Opposing Memo at 12), the *sole* support for their extravagant (and baseless) contention is a single self-serving letter by their counsel which merely outlines some routine discovery disputes between the parties.  Indeed, since the bulk of that letter is devoted to defendants' objections to plaintiff's discovery requests, it would appear that it was defendants who have been "recalcitrant."

Third, defendants' claim that plaintiff has not been diligent in seeking a voluntary dismissal of his third cause of action because a few weeks elapsed between the time that the Court first indicated that there might not be a private cause of action under the Parity Act and plaintiff's present motion (Opposing Memo at 10-12).  However, defendants do not (and cannot) identify any authority that even suggests that this constitutes a lack of diligence.  The only two cases cited by defendants, *United States v. Dow Chemical Company*, 343 F.3d 325 (5th Cir. 2003) and *Hartford Accident & Indemnity Company v. Costa Lines Cargo Services, Inc.,* 903 F.2d 352 (5th Cir. 1990), are readily distinguishable.  In each of those cases, the plaintiff did not seek a voluntary dismissal until the defendant, after extensive litigation, had made a substantive motion to dismiss the action.  Under those circumstances, each of those courts decided that it should grant the defendant's motion.   Here, unlike the plaintiffs in those cases, plaintiff is not seeking to duck the adjudication of his third cause of action; it is undisputed that the issue of the existence of a private cause of action under the Parity Act – the very issue that defendants seek to litigate on a motion here – is currently being adjudicated on a motion in the Class Action. Instead, plaintiff is merely seeking to avoid duplicative litigation which defendants inexplicably appear to welcome.

91465

Fourth, although defendants claim that they "have spent a significant amount of time, energy and expense engaging in discovery" in this case (Opposing Memo at 4), not only have they not adduced any supporting evidence, but also, they ignore the fact that plaintiff's action will be continuing in state court.  Moreover, although defendants also claim that the cost of relitigating the Third Cause of Action as part of the Class Action will increase their costs "significantly" (Opposing Memo at 4), they do not adduce a single iota of evidence to support their entirely conclusory, self-serving, implausible assertion.

Fifth, defendants' suggestion that plaintiff is not a potential member of one of the classes of plaintiffs in the Class Action (Opposing Memo at 13-14) is flat wrong.  Count I in the amended complaint in the Class Action seeks relief under the Parity Act and plaintiff is a potential member of the class of plaintiffs that is asserting that cause of action.

## CONCLUSION

Therefore, for all of the reasons set forth above and in the moving papers, it is respectfully requested that plaintiff's motion be granted in all respects and that plaintiff's third cause of action be dismissed without prejudice.

Dated: New York, New York
   July 19, 2013

       FERBER CHAN ESSNER & COLLER, LLP

       By: _____
           Robert M. Kaplan
       Attorneys for Plaintiff
       530 Fifth Avenue, 23rd Floor
       New York, New York 10036
       (212) 944-2200

91465